## CIRCUIT COURT OF FAUQUIER COUNTY

In re Helen Ashleigh Long

August 18, 2003

Case No. (Chancery) 02-251

BY JUDGE JEFFREY W. PARKER

This matter comes before the Court on an appeal of the termination of parental rights of Stephanie Long Akers, formerly Stephanie Long, by order of the Juvenile and Domestic Relations Court entered on September 25, 2002. This matter was timely appealed and tried before this Court with evidence taken *ore tenus* and argument heard on July 30, 2003. This matter was taken under advisement by the Court with further request by counsel that the Court review the video tape of Cicely Powell, witness for the Petitioner, placed into evidence and review a joint evidence notebook filed by the parties containing 81 separate exhibits. The Court has reviewed the tape and the exhibits and now is in a position to render its judgment.

Judge H. Dudley Payne of the Juvenile and Domestic Relations Court terminated parental rights of the Respondent pursuant to Va. Code §§ 16.1-283(C)(1) and 16.1-283(C)(2). Either Subsection of 16.1-283 is sufficient to permit the Court to terminate the parental rights of the Respondent, should the Court, by clear and convincing evidence, determine that the elements of these Sections have been made out and that it is in the best interest of the child to terminate the said rights of the parent. For the reasons set forth in this letter and based upon the Court's entire review of the evidence, the Court finds that the residual parental rights of Stephanie D. (Long) Akers should be and hereby are terminated.

The conclusion of the Court is based upon the law and the painful history of this case beginning from the time that the Respondent adopted Helen Ashleigh Long (hereinafter Ashleigh). Ashleigh is presently twelve years old having been born on July 4, 1991. She was adopted while still an infant by the Respondent and her previous husband, David Long.

Shortly after the Longs adopted Ashleigh, they divorced and Mrs. Akers obtained custody. The first reported incident of severe alcohol abuse regarding the Respondent occurred when Ashleigh was only three and a half years old on January 31, 1995. At that time, Mrs. Akers was arrested by the Prince William County Police for being drunk and disorderly and Ashleigh was found in Mrs. Akers' car in a neglected condition. Ashleigh was placed in emergency custody and temporarily removed from the home. In July of 1995, she was returned to the Respondent, but, due to subsequent hospitalization by the Respondent in 1996, she was placed back into foster care. This pattern regrettably continued, and, in July 2002, Mrs. Akers was hospitalized with a recorded .33 BAC.

Mrs. Akers has had the benefit of psychologists and therapists throughout this period of time with mixed results. Mrs. Akers has remarried to Mr. Wallace Akers. This is her third marriage. The marriage to Mr. Long, the previous adoptive parent of Ashleigh, was her second marriage. Mrs. Akers has been married to Mr. Akers since November. Mr. Akers testified at this proceeding and impressed the Court as a responsible individual.

Over the past year, Mrs. Akers has made a diligent effort to recover from her alcoholism including attending Alcoholics Anonymous meetings regularly and staying in touch with her sponsor. Regrettably, however, less than a week before the hearing, Mrs. Akers had a relapse. She was admitted to the Inova Comprehensive Addiction Treatment Center with a blood alcohol content of .23. She was also exhibiting unstable behaviors. Unfortunately, this is consistent with her behavior over the last eight years.

This Court heard considerable evidence regarding the history of this case and the emotional "yo yo" that Ashleigh has been placed on due to her mother's severe alcohol addiction. In Exhibit # 33, a psychology assessment taken in November of 2000 indicated that Ashleigh's resources were "being taxed beyond their limits." She has been removed from her mother's home three times and through the testimony of Cicely Powell and Jud Fischel, guardian *ad litem*, she has stated in no uncertain terms that she has no desire to be returned to the custody of her mother.

Clearly, this is a tragic and sad statement given the usual attraction that children have for their parents. When reviewing the circumstances of Ashleigh's upbringing, such statements are understandable. She has suffered repeatedly from neglect both physically and psychologically. She has spent much of her life away from her adoptive mother and she has made a positive behavioral adjustment while living with her foster parents, the Milams. Mrs. Milam testified at the hearing and presented herself as a stable and caring

foster parent. She further indicated a willingness to allow Ashleigh to stay in her residence for the foreseeable future.

In order for the Department of Social Services to prevail in their Petition under § 16.1-283(C)(1), they must show *inter alia* that the Respondent, without good cause, failed to maintain continuing contact with the child for a period of six months after the 2001. However, prior to that occurrence, Ashleigh was removed from the home on December 22, 1999. Repeated letters were sent to the Respondent by the Department of Social Services beginning January 18, 2000, through April 10, 2000. The letters document failure by Mrs. Akers to maintain her contact through May of 2000 and, in a subsequent letter, illustrate an unpleasant event occurring at a McDonalds' Restaurant where Mrs. Akers became agitated and created a scene without working towards positively reestablishing contact. This period of time exceeds the six months as required by statute, and the Court finds that the Department has carried its burden in reference to this prong of the Code Section. Furthermore, Mrs. Akers failed to provide or substantially plan for the future of Ashleigh during the same six month period. The Court finds that the efforts of the Department of Social Services were reasonable and appropriate and made with an effort to strengthen the parent-child relationship.

In reference to § 16.1-283(C)(2), the Court finds that, during the most recent placement of Ashleigh into foster care, Mrs. Akers has been unable within this period of time, which exceeds twelve months, to substantially remedy the conditions which led to or required Ashleigh's foster care placement. While there has been little effort by the Department to remedy this condition since the most recent placement, however, the Court is authorized to take into consideration the prior efforts directed towards Mrs. Akers and finds those efforts sufficient for this purpose. The Court further finds that an appropriate foster care plan has been filed dated April 22, 2002, and properly approved by the Juvenile and Domestic Relations Court.

While the Court is making the above stated findings as required by statute, I will also point out that I did perceive a tangible improvement in the Respondent's behavior over the most recent twelve month period as compared to other twelve month periods since Mrs. Akers' first encounter with the Department of Social Services. The Court would go on to say that, but for the most recent relapse, the Court, particularly in consideration of the case of *L.G. v. Amherst County D.S.S.*, 41 Va. App. 51 (2003), might have here concluded that Mrs. Akers had improved to the extent that the Court would consider reestablishment of the bonds between mother and child. However, the Court cannot help but take into consideration an event such as what occurred on July 25, 2003, in making its determination. This incident was blamed on "stress"

resulting from the sale of a home and the pending court hearing. While the Court understands that such events can be stressful, they do not justify such behavior adjacent to such a critical court proceeding. The Respondent would have had to know that, by engaging in this type of activity, she would severely diminish her chances of being successful in this proceeding. She chose to ignore the obvious not only to her detriment but potentially to the detriment of any relationship between her and her daughter.

This Court cannot take a chance that future stressors could cause a repeat of such behavior and lead to the same type of experiences for Ashleigh that were so common in the past. This child has suffered enough. She appears to be healthy and thriving in her present environment. To force her back with her mother against her wishes at the age of twelve, when the mother has so recently repeated her past indiscretions, would be an irresponsible action on the part of the Court. Mrs. Akers has had sufficient opportunities to rehabilitate and repair the damage done to her relationship with her daughter. The Court cannot wait forever to determine if Mrs. Akers can become responsible enough to resume her parental duties. *Kaywood* v. *Halifax County Dept. of Soc. Servs.*, 10 Va. App. 535 (1990).

The time has come to terminate the parental relationship and establish finality so that all parties can continue on with their life.

The Court will request Mr. Beard to prepare an Order consistent with this letter. The Court will further direct that the guardian *ad litem* provide a copy of his charges to the Respondent and the Department of Social Services. These fees will be taxed to the Respondent unless a timely Notice for hearing is requested by the Respondent as to the amount of these fees and praeciped with the Court.